UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IMARI BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04080-WTL-DML |
| | ) | |
| DASHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Imari Butler was found guilty of various crimes following a jury trial in an Indiana state court. He is currently serving a 60-year sentence for these crimes. Butler now seeks a writ of habeas corpus. For the reasons explained in this Entry, Butler's petition for a writ of habeas corpus is **denied**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

In November 2010, after a jury trial, Butler was convicted of rape, criminal deviate conduct, and sexual battery. He stipulated to being an habitual offender. The trial court sentenced him to 15 years executed in the Department of Correction for rape, 15 years for criminal confinement, and one-and-a-half years for sexual battery. The trial court ordered the rape and criminal confinement sentences to be served consecutively and concurrent with the sexual battery sentence. The trial court enhanced Butler's rape conviction by 30 years because of his status as an habitual offender for a total aggregate sentence of 60 years.

Butler appealed to the Indiana Court of Appeals. On August 12, 2011, the Indiana Court

of Appeals affirmed his conviction and sentence. Butler did not seek review by the Indiana Supreme Court.

On July 11, 2012, Butler filed a petition for post-conviction relief in the trial court ("PCR court"). The PCR court found that Butler was not sufficiently advised of his right to a jury trial on the habitual offender enhancement. The PCR court therefore set aside Butler's habitual offender adjudication and corresponding sentence. On May 5, 2014, a jury trial was held solely on Butler's habitual offender charge. The jury found him to be an habitual offender, and Butler was re-sentenced to a 30-year enhancement, which was attached to his 15-year sentence for rape and 15-year sentence for criminal confinement for a total aggregate sentence of 60 years. Butler appealed and on February 20, 2015, the Indiana Court of Appeals affirmed the habitual offender enhancement. Butler petitioned for transfer to the Indiana Supreme Court and on June 5, 2015, the Indiana Supreme Court denied transfer.

On November 3, 2017, Butler filed the present petition for a writ of habeas corpus.

## II. Discussion

Butler seeks habeas relief arguing that: (1) the trial court abused its discretion in refusing his tendered jury instruction regarding jury nullification in the retrial of his habitual offender enhancement; and (2) the trial court abused its discretion by admitting alleged prior bad acts during the retrial on his habitual offender enhancement. The respondent argues that Butler's claims are barred by the statute of limitations and are procedurally defaulted. Because the petition is untimely, the Court need not address whether the claims are procedurally defaulted and the petition must be dismissed with prejudice.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and

Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Butler's claims relate to the retrial of his habitual offender conviction. After the trial court granted his motion for post-conviction relief, a new trial was held on the habitual offender charge. The jury found him to be an habitual offender and he was re-sentenced to a total sentence of 60 years. He appealed to the Indiana Court of Appeals and after his conviction was affirmed, petitioned for transfer to the Indiana Supreme Court. That court denied transfer on June 5, 2015. He had 90 days – through September 3, 2015 – to seek certiorari to the United States Supreme Court. His conviction and sentence became final, and the statute of limitations began to run, that day. He therefore had one year, until September 3, 2016, to file a petition for a writ of habeas corpus. He filed this petition on November 3, 2017, more than a year after the statute of limitations expired. His petition is therefore barred by the statute of limitations. He does not contend that he is entitled to equitable tolling on any basis. Because it is barred by the statute of limitations, Butler's petition for a writ of habeas corpus must be **dismissed with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992)

(O'Connor, J., dissenting) (internal citations omitted). Butler has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Butler has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 3/22/18

Distribution:

IMARI BUTLER
893963
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov